**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>v.  )<br>)<br>GREGORIO MOLINA-HERNANDEZ,  )<br>)<br>Defendant.  )<br>_____)  | CRIMINAL ACTION<br><br>No. 02-20111-01-KHV |

## ORDER

On February 24, 2003, the government filed a one-count information which charged defendant with causing his spouse and intimate partner to travel in interstate commerce by force, coercion and duress, and committing a crime of violence against that spouse and intimate partner in violation of 18 U.S.C. § 2261(a)(2). See Information (Doc. #22). Defendant pled guilty to that charge. On June 16, 2003, the Court sentenced defendant to 37 months in prison. This matter is before the Court on defendant's Petition For A Writ Of Error Coram Nobis (Doc. #38) filed August 2, 2004. For reasons stated below, the Court overrules defendant's petition.

**I.    Coram Nobis Relief Is Unavailable**

On August 17, 2004, the Court notified the parties that it proposed to consider defendant's motion for a writ of error coram nobis as a motion under 28 U.S.C. § 2255. See Order (Doc. #39). Defendant insists that because relief is not available to him under Section 2255, the Court should consider his motion as one for a writ of coram nobis. See Petitioner's Reply To The Government's Response to Petitioner's

Motion Filed Pursuant To 28 U.S.C. § 2255 (Doc. #50) filed November 29, 2004 at 2-5. Defendant cannot obtain a writ of coram nobis for several reasons. First, a prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis. See United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002); United States v. Carpenter, 24 Fed. Appx. 899, 903 (10th Cir. 2001). Second, defendant cannot use the writ of coram nobis to raise issues that could have been raised on direct appeal or in a motion under 28 U.S.C. § 2255. See United States v. Stefanoff, 149 F.3d 1192, 1998 WL 327888, at *2 (10th Cir. June 22, 1998); United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001); Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997). Defendant could have raised each of the issues presented in the instant petition on direct appeal or in a Section 2255 motion, but he chose not to file an appeal and did not timely seek relief under Section 2255. Third, in the plea petition, defendant waived his right to seek collateral relief which includes writs of coram nobis. See United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003). Finally, coram nobis relief is available only if a defendant demonstrates that he exercised due diligence in raising the issue and that the information used to challenge the sentence or conviction was not previously available to him. United States v. Klein, 880 F.2d 250, 254 (10th Cir. 1999). Defendant has not satisfied his burden.

The Court therefore overrules defendant's motion for a writ of coram nobis.

**II.    Relief Under 28 U.S.C. § 2255 Is Unavailable**

The Court declines to construe defendant's motion for a writ of coram nobis under Section 2255 because such a motion would be untimely. Section 2255 provides a one-year period of limitation for motions brought under that section. 28 U.S.C. § 2255. The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Because defendant did not file a direct appeal, his conviction was final on June 26, 2003--ten days after judgment was entered. Accordingly, under subsection (1), defendant had until June 26, 2004 to file a motion to vacate, set aside or correct his sentence. Defendant filed his motion seeking a writ of coram nobis on August 2, 2004, over one month beyond the deadline set forth in subsection (1).

Liberally construing defendant's memoranda, defendant maintains that his motion is timely under subsection (4). Defendant asserts that he did not assert his claim earlier because of the unavailability of legal materials written in Spanish. Defendant does not explain when he learned of the *facts* supporting his claims or why he was unable to discover those facts earlier through the exercise of due diligence. Accordingly, he cannot rely on the tolling provision in subsection (4). See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.) (not enough to state that facility lacked relevant statutes and case law or that procedure to request materials was inadequate) (interpreting 28 U.S.C. § 2244), cert. denied, 525 U.S. 891 (1998); see also Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002) (ignorance of the law alone, even for incarcerated pro se prisoners, does not excuse untimely filing)

Defendant's motion is untimely under 28 U.S.C. § 2255. The Court therefore declines to construe defendant's motion under that statutory provision.

**IT IS THEREFORE ORDERED** that defendant's Petition For A Writ Of Error Coram Nobis (Doc. #38) filed August 2, 2004 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that defendant's Motion To Proceed In Forma Pauperis (Doc. #36) filed August 2, 2004 be and hereby is **OVERRULED as moot**. No filing fee is required for a petition for a writ of coram nobis in a criminal proceeding.

**IT IS FURTHER ORDERED** that defendant's Request For A Free Copy Of The Guilty Plea Transcript Colloquy (Doc. #41), defendant's Request for Subpoenas (Doc. #42), and defendant's Motion For Expert Witness (Doc. #43), all filed September 23, 2004 be and hereby are **OVERRULED**.

Dated this 10th day of June, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

4